IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSHUA J. ROMAN-RIVERA<br>ELISA RIVERA-PADILLA<br>Plaintiffs<br>vs<br>HOSPITAL GENERAL MENONITA, INC.<br>DR. RODRIGUEZ<br>Defendants | CIVIL 09-2164CCC |

## OPINION AND ORDER

In this case before us minor JJRR and his mother Elisa Rivera-Padilla seek compensation from Hospital General Menonita, Inc. (the Hospital) and Dr. Rodríguez,[1] pursuant to the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. §1395dd, for damages allegedly suffered as a result of their "failure to adequately diagnose and treat [JJRR's] emergency condition," Complaint (docket entry 1, ¶5.5) and for alleged medical malpractice pursuant to Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A., §5141. Before the Court is the Hospital's unopposed Motion to Dismiss (**docket entry 9**) for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6).

In broad terms, EMTALA requires participating hospital emergency departments to screen patients for "emergency medical condition(s)" and, in the event that an emergency medical condition is present, to stabilize the patient prior to transfer or release to another medical facility for stabilization. While EMTALA requirements are quite specific, plaintiffs' claim does not warrant an in-depth analysis of these conditions. Instead, it suffices to clarify that the EMTALA is an amendment to the Social Security Act and incorporates the latter's definition of "hospital," found at 42 U.S.C. §1395x. The Court of Appeals for the First Circuit

---

[1]Dr. Rodríguez, whose full name is currently unknown to plaintiffs, is alleged to be an emergency physician employed by Hospital General Menonita, Inc. Complaint, docket entry 1, ¶¶3.4 and 4.3.

CIVIL 09-2164CCC                                    2

identifies the following excerpts as "relevant" to the very similar case of Rodríguez v. American Intern. Ins., Puerto Rico, 402 F.3d 45, at 48 (1st Cir. 2005):

> (e) Hospital.  The term "hospital" . . . means an institution which–
>
> (1) is primarily engaged in providing, by or under the supervision of physicians, to inpatients (A) diagnostic services and therapeutic services for medical diagnosis, treatment, and care of injured, disabled, or sick persons, or (B) rehabilitation services for the rehabilitation of injured, disabled, or sick persons;
>
> . . .
>
> (7) [and,] in the case of an institution in any State in which State or applicable local law provides for the licensing of hospitals, (A) is licensed pursuant to such law or (B) is approved, by the agency of such State or locality responsible for licensign hospitals, as meeting the standards established for such licensing....

In its Motion to Dismiss (docket entry 9), the Hospital submits that JJRR was treated at the "Centro de Diagnóstico y Tratamiento de Coamo" (Coamo CDT) which plaintiffs "misidentify as "the Coamo branch of the Menonita General Hospital, Inc.," as it is not an inpatient facility nor an EMTALA-participating hospital.  The Hospital argues that Coamo CDT is instead an independent outpatient facility with "its own license issued by the Commonwealth of Puerto Rico Department of Health" and provides official public records (docket entry 9, Exhibits 1 and 2) in support of its claim.

The Hospital's Exhibit 1 consists of the Coamo CDT's Certificate of Needs and Convenience, No. 02-0261; its Exhibit 2, the Coamo CDT's License to Operate, No. 89.  Both documents specify that Coamo CDT is owned by the Department of Health, leased to Hospital General Menonita, Inc. and authorized by Puerto Rico law to operate as a "diagnostic and treatment center."

CIVIL 09-2164CCC                                             3

In Rodríguez, supra, at 47-48, the Court established that "CDTs are unique to Puerto Rico and are limited health facilities that offer only outpatient services...." The Puerto Rico Health Facilities law defines "diagnostic and treatment center" as:

> . . . an independent facility or one operated in conjunction with a hospital which provides community services for the diagnosis and treatment of ambulatory patients under the professional supervision of persons licensed to practice medicine, surgery, or dentistry in Puerto Rico.

24 L.P.R.A., §331a(A)(4).

The Puerto Rico Certificates of Necessity and Convenience Law defines the same term as:

> An independent facility, or one operated in connection with a hospital that provides integrated health services for the diagnosis and treatment of **ambulatory** patients and that gives or makes available through arrangements with other health facilities, X-ray and clinical laboratory services.

(Our emphasis.)  24 L.P.R.A., §334(I).

The Court of Appeals for the First Circuit concluded that Puerto Rican law differentiates between "hospitals" and "diagnostic and treatment centers."

> It is clear that EMTALA does not apply to all health care facilties; it applies only to participating hospitals with emergency departments. . . . It follows that if the Corozal CDT is not a "hospital," EMTALA cannot apply to it.  (Citations omitted.)

Rodríguez, supra, at 48.

For the reasons outlined above, this Court finds that Coamo CDT, like Corozal CDT, is not a "hospital" as defined in EMTALA through the Social Security Act; thus EMTALA does not apply in this case.  "Even if a CDT provides emergency services, that does not make it an emergency room of a[n EMTALA] participating **hospital**."  (Emphasis in original.) Rodríguez, supra, at 49.  Because no proper federal claim is asserted in the Complaint, we lack subject matter jurisdiction.  Hospital General Menonita Inc.'s Motion to Dismiss (**docket entry 9**) is GRANTED and plaintiffs' federal EMTALA claim against the Hospital

CIVIL 09-2164CCC                              4

is DISMISSED, with prejudice.  Plaintiffs' supplemental claim under Art. 1802 of the Puerto Rico Civil Code against both defendants is DISMISSED, without prejudice.  Judgment shall be entered accordingly.

    SO ORDERED.

    At San Juan, Puerto Rico, on February 28, 2011.


                                    S/CARMEN CONSUELO CEREZO
                                    United States District Judge